UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RECO SIMMONS,

          Plaintiff,              Case No. 1:23-cv-52

v.                                   Honorable Jane M. Beckering

ANDREW EASTHAM et al.,

          Defendants.
_____/

## ORDER TO FILE AMENDED COMPLAINT

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. All civil rights complaints brought by prisoners must be submitted on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a). Plaintiff failed to file his complaint on the requisite form. Instead, Plaintiff has filed a typed complaint naming the following individuals at the Ionia Correctional Facility (ICF), where Plaintiff is currently incarcerated, as Defendants: Psychologists Andrew Eastham, Unknown Maranka, Carol Kenison, and Brian Kajercyzk; Nurse Practitioner Tracy Schafer; and Unknown Parties, referred to as Qualified Mental Health Personnel.

      Plaintiff's complaint concerns Defendants' alleged deliberate indifference to Plaintiff's mental health needs. Plaintiff avers that Defendants removed his major mental disorder (MMD) status and removed him from the START Program waitlist. Plaintiff also mentions that Defendants keep him segregation, which exacerbates his mental illness, and force medications upon him. Plaintiff, however, only mentions Defendant Eastham in the body of his complaint. His references to "Defendants" throughout are insufficient to state claims for relief against each named Defendant, as "[s]ummary reference to a single, five-headed 'Defendants' does not support a

reasonable inference that each Defendant is liable" for the events described in the complaint. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Plaintiff's complaint, as pled, is insufficient to state a claim for relief due to the lack of alleged facts regarding the specific Defendants. The Court, however, will grant Plaintiff leave to file an amended complaint to correct this deficiency.

The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended complaint by filing his complaint on the requisite form within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff must allege, in chronological order, what each Defendant did or did not do on each date. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint without prejudice.

**IT IS SO ORDERED**.

Dated: Feb. 7, 2023         /s/ Ray Kent
                            Ray Kent
                            United States Magistrate Judge